## CIRCUIT COURT OF LOUDOUN COUNTY

Magazzine Clean, L.L.C.

v.

Britt Construction, Inc.

December 8, 2005

Case No. (Chancery) 24488

BY JUDGE THOMAS D. HORNE

This case came before the Court on the motion for a reduction or release of the suspending bond posted by the Respondent in connection with its appeal of this Court's Decree of February 11, 2005, invalidating Britt's mechanic's liens. At the request of Britt, the Court fixed the amount of a suspending bond. Britt subsequently posted a suspending bond as to certain of the invalidated liens. A decision of the Supreme Court of Virginia on the appeal is expected in the near future.

Initially, the Court finds that the jurisdiction for the adjudication of the instant motion lies with the Supreme Court of Virginia. Va. Code Ann. § 8.01-676.1. However, assuming this Court retains jurisdiction of the matter, Britt's motion must fail for the reasons set forth in the Memorandum in Opposition filed by Magazzine Clean, L.L.C. As noted by the Petitioner in its papers, *Thompson v. Air Power, Inc.*, 248 Va. 364 (1994), stands for the proposition that, should the Supreme Court find this Court to have erred, the lien is reinstated. However, this rule is tempered by the caveat, "conditioning retroactive application of the reinstated lien on the absence of any prejudice to a third-party purchaser for value without notice. . . ." *Id.* at 369. Thus, the Supreme Court commented upon the failure of Air Power to "seek a stay of

proceedings or other relief to prevent execution of the court's judgment" in denying retroactivity of Air Power's lien as it affected the rights of an intervening *bona fide* purchaser for value. *Id.*, at 368.

At the request of Britt, a suspending bond was fixed. They may not now return to this Court to modify the bond established and posted in connection with the appeal now pending before the Supreme Court of Virginia.